Appellant Patricia Back is appealing the decision of the Richland County Court of Common Pleas, Domestic Relations Division, concerning the trial court's distribution of her Public Employees Retirement System ("PERS") pension. The following facts give rise to this appeal.
Appellant Patricia Back and Appellee Cletus Back were originally married in 1968 and divorced on May 16, 1972. The parties remarried on April 12, 1975. Two children were born as issue of the marriage. Only one child was not emancipated at the time of the final hearing, Matthew Back, born December 2, 1979. Appellant filed a complaint for divorce on August 23, 1996. Appellee filed an answer and counterclaim on September 16, 1996. The trial court scheduled this matter for final hearing on March 10, 1997. At this hearing, the parties stipulated to numerous facts including venue, jurisdiction, residential parent and legal custodian of the minor child, values of household goods and furnishings and values of motor vehicles. The parties also stipulated to the earnings of both parties for the years 1993, 1994, 1995, and 1996 and the value of the marital real estate and mortgage.
Appellant is employed by the City of Mansfield in the Clerk of Courts Office and participates in PERS. Appellee is employed at Milliron Waste Management. Appellee's employer has no pension plan but appellee participates in social security and has eight small IRA's funded by his employer.
The parties employed David I. Kelley to do present value calculations of the PERS accrued to the benefit of appellant, the hypothetical social security benefit appellant would have earned and the potential social security benefit accumulated by appellee. Following the presentation of this evidence, the magistrate filed his decision on July 17, 1997. The magistrate ordered appellant's monthly PERS benefit of $868.64 be reduced by appellee's potential monthly social security benefit of $551.11 per month. The trial court also required appellant to pay appellee the sum of $159 per month following retirement.
Both parties filed objections to the magistrate's decision. On November 25, 1997, the trial court filed a judgment entry overruling appellant's objection to the distribution of her PERS retirement benefits. However, the trial court stated that if appellant retired early it would review a possible modification of division of retirement benefits. Appellant subsequently requested findings of fact and conclusions of law on December 2, 1997. The trial court denied appellant's request on December 22, 1997. Appellant filed a motion for reconsideration on December 31, 1997. The trial court overruled appellant's motion for reconsideration on January 8, 1998. The trial court journalized the judgment entry decree of divorce on March 27, 1998.
Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO PROVIDE FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON MODIFICATION OF THE MAGISTRATE'S DECISION ISSUED HEREIN.
 II. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION IN DISTRIBUTING THE PERS PENSION OF THE APPELLANT, THE METHOD OF SAID DISTRIBUTION BEING CONTRARY TO THE EVIDENCE AND LAW.
 I
Appellant contends, in her first assignment of error, the trial court erred when it failed to provide findings of fact and conclusions of law upon modification of the magistrate's decision. We disagree.
In her request for findings of fact and conclusions of law, appellant asked the trial court to address only the valuation and distribution of her PERS. Appellant argues the trial court was required, pursuant to Civ.R. 52, to issue findings of fact and conclusions of law because the trial court's judgment entry of November 25, 1997, modified the magistrate's decision in that it retained jurisdiction to address the division of retirement assets should appellant retire early.
Our review of the magistrate's decision and the trial court's judgment entry indicates the trial court did not make any substantive changes in the manner in which the magistrate ordered the distribution of appellant's PERS retirement benefits. The trial court merely retained jurisdiction "* * * to address the issue of a fair and just division of the PERS retirement benefits should * * * [appellant] enter into an early retirement by reason of disability or otherwise." Judgment Entry, Nov. 25, 1997, at 2.
Civ.R. 52 provides, in pertinent part:
* * *
 An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Rule 41 (B)(2).
Pursuant to the language of Civ.R. 52, since the magistrate made findings of fact and conclusions of law in his decision issued on July 17, 1997, the trial court did not abuse its discretion when it overruled appellant's request for findings of fact and conclusions of law.
Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant contends the trial court's distribution of her PERS retirement benefits and the method of distribution is contrary to the evidence and law. We agree.
In support of this assignment of error, appellant challenges this Court's decision in Black v. Black (Nov. 4, 1996), Stark App. No. 1996CA00052, unreported, which the magistrate applied in dividing appellant's PERS retirement benefits. Appellant argues the application of Black, to the case sub judice,
results in an inequitable outcome for her.
We stated, in Black, that:
 * * * an equitable division of pension benefits can be accomplished by offsetting both parties
potential social security monthly benefits against appellant's potential monthly benefit from the police and firemen's pension plan and equitably apportioning the balance of the police and firemen's pension plan between the parties. Id. at 9. (Emphasis added.)
In the matter currently before the Court, we find the application of our decision, in Black, would not result in an inequitable outcome for appellant. Therefore, the trial court properly applied the analysis set forth in Black. However, upon review of the magistrate's decision and the trial court's judgment entry, we find the trial court did not subtract appellant's hypothetical monthly social security benefit from her PERS monthly retirement benefit. Black requires the trial court to offset both parties potential social security monthly benefits against the potential monthly benefit appellant will receive from PERS. The trial court only offset appellee's potential monthly social security benefit against appellant's potential monthly benefit from PERS. We remand this matter to the trial court for the court to do this calculation.
We also remand this matter on the issue of whether the trial court properly retained jurisdiction concerning the distribution of appellant's PERS retirement benefits if she is forced to retire early due to her health. Pursuant to R.C.3105.171 (l), "[a] division or disbursement of property or a distributive award * * * is not subject to future modification by the court." Accordingly, we reverse and remand this matter to the trial court for the trial court to recalculate appellant's PERS retirement benefits and delete the reservation of jurisdiction concerning the distribution of appellant's PERS retirement benefits.
Appellant's second assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
By: Wise, P. J., Gwin, J., and Reader, V. J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
--------------------
--------------------
 -------------------- JUDGES